John D. Hux and Olga M. Hux, Husband and Wife, Plaintiffs-Appellees, v. Denis Raben and Louella Raben, Husband and Wife, Defendants-Appellants.

Gen. No. 65–106.

Fifth District.

August 31, 1966.

Boswell & Boswell, of Harrisburg, for appellants.

Frank Bonan, of McLeansboro, for appellees.

GOLDENHERSH, P. J.

Defendants appeal from the decree of the Circuit Court of Hamilton County ordering the specific performance of a contract for the sale of real estate.

Plaintiff, John D. Hux, is the assignee of an option to purchase the real estate involved in this litigation. On April 17, 1964, defendants, husband and wife, signed a printed form headed "Option to Purchase Real Estate." The instrument recites the receipt by defendants of the sum of $1,000, in consideration of which, R. L. Merrick, described as purchaser, his heirs and assigns, are given "the exclusive right to purchase, upon the terms and conditions hereinafter set out, on or before the 1st day of Jan. 1965," property known as the Denis Raben farm, of 440 acres, more or less. The land is described as being in designated sections in Hamilton County, but no detailed description is set out. It is stat-

ed in the document that the price is $100,000, $4,000 to be paid June 30, 1964, "Balance to be paid Jan. 1, 1965."

The following provisions, among others, are included in the option:

"Dennis Raben to retain all rent from farm for 1964 as part of purchase price.

"2. With (sic) ten days after exercise of this option the seller shall furnish to the Purchaser an abstract of title certified to date, showing merchantable title of record vested in Seller. The Purchaser shall have fifteen days thereafter to have the abstract examined and within said time shall notify the Seller, in writing, of any defects therein, and any defects in the abstract not so noted, except liens of record, shall be deemed waived. The Seller shall correct any such defects within a reasonable time, provided if the defects are not corrected within ninety days after notice thereof, the Buyer upon written notice may avoid this contract, and provided further, if the defects cannot be corrected this contract shall be void and the money paid to the Seller for this option shall be returned to the purchaser.

"7. The deed shall be delivered and the sale closed within thirty days after the exercise of the option, provided that if title is not acceptable at that time, the sale shall be closed within three days after title is accepted by the Purchaser.

"8. If this option is not exercised by notice in writing prior to midnight of the 1st day of January, 1965, the same shall expire and the consideration paid therefor shall be retained by the Seller.

"Dennis Raben agrees to carry 2nd Deed of Trust in the amount of $25,000.00 for 10 yrs., equal payments with 6% interest per annum."

216

Plaintiffs' complaint is in two counts; in Count I plaintiffs allege the execution of the option on April 17, 1964, and the payment of $1,000 on that date, the payment of $4,000 on June 30, 1964, and further allege that after the payment of the sums of money and the removal of the crops by defendants, defendants delivered possession of the land to plaintiffs and plaintiffs have planted 200 acres of wheat and have expended $12,989.40 for land clearing and improvements, of which defendants knew, and to which they consented. Plaintiffs further allege that they are assignees of the option, that they have performed all the conditions of the agreement by them to be performed, and that defendants have failed and refused to deliver a warranty deed to the premises.

In Count II, plaintiffs repeat the allegations of Count I, and pray for abatement of the purchase price in an amount to be fixed by the court, because of defendants' inability to deliver fee simple title, in that certain mineral rights were reserved to, and are owned by, a prior owner.

The evidence shows that Reginald L. Merrick (named as R. L. Merrick in the option), on May 14, 1964, assigned to Harold Hahn, all of his right, title and interest under the option agreement. The assignment recites a consideration of $5,000, payable $500 on May 14, 1964, and $4,500 on August 1, 1964. The assignee agrees therein to pay the purchase price, perform the terms and conditions of the option, and idemnify Merrick and hold him harmless from any claim arising by reason of failure to so perform. The assignment also states, "This agreement is subject to the ability of the Second Party (the assignee) to obtain a loan from some insurance company in the sum of $150.00 per acre, with the usual provisions in the Promissory Note and Deed of Trust."

On November 3, 1964, by written assignment, Harold Hahn and spouse assigned to plaintiff, John D. Hux, all

217

of the right, title and interest of Merrick under the option agreement. This document recites a consideration of $1 and other valuable considerations. It contains no indemnity agreement or provision for financing.

Merrick, called as a witness for plaintiffs, testified that he is a real estate broker and buys and sells real estate in southern Illinois. He identified the option, and two checks evidencing the payments of April 17, and June 30, 1964. After he assigned the option to Hahn "he had nothing further to do with the property." In October or November he asked defendant, Denis Raben, to bring the abstract up-to-date so he could get title insurance. Defendant, Denis Raben, brought the abstract to plaintiffs' attorney, Frank Bonan, who is a lawyer and abstracter in Hamilton County. Mr. Bonan extended the abstract to date, and at the direction of Mr. Merrick, submitted it to Chicago Title & Trust Company on December 11, 1964. On December 28, 1964, Chicago Title & Trust Company sent Mr. Bonan a preliminary report of title enumerating various objections. There is no mention in the option of title insurance, nor of Chicago Title & Trust Company. The only provisions made for evidence of title are set forth in the above quoted paragraphs of the option.

On December 29, 1964, Merrick sent defendants a letter notifying them of his intention to exercise his option "as provided in said April 17, 1964, agreement." The letter concludes with the following paragraph:

> "If you will prepare the necessary documents and furnish us with an abstract of title certified to date as provided in said agreement, we shall, within 15 days after receipt thereof, be ready to close this transaction under the terms and conditions of said agreement."

Merrick testified that he called defendant, Denis Raben, and told him there were some objections to the title.

218

He further stated that defendants' inability to convey the whole of the mineral rights reduced the value of the land. He stated that he wrote defendant, Denis Raben, advising him of defects in the title, but the letter is not in evidence.

On January 18, 1965, Merrick delivered to Bonan a sight draft in the amount of $70,000, payable to defendants' order. He stated that "the objections were cured sufficiently to be accepted by Kansas City Life Insurance Company."

Harold Hahn, called by plaintiffs, testified that after he acquired the assignment of the option, he did some clearing during August and September, and in November he furnished the seed for the tenant, McPeak, who sowed 200 acres of wheat. Hahn asked defendants for possession of the farm by January 1, 1965, and they moved prior to that date. After his assignment to Hux "he had nothing further to do with the transaction." He stated that he had tried to arrange a loan from Kansas City Life Insurance Company, but did not complete the transaction.

There is no testimony that arrangements for a loan from Kansas City Life Insurance Company were completed, neither Merrick nor Hahn testified as to any amount which was to be borrowed, and there is no note or mortgage in evidence.

McPeak, the tenant, testified that defendant, Denis Raben, told him "it looked like I was going to have a new landlord," and that defendants moved from the farm in December, 1964.

Mr. Bonan testified that defendant, Denis Raben, brought him the abstract, he brought it down to date, submitted it to Chicago Title & Trust Company and upon receipt of the preliminary report of title discussed the objections with plaintiff, John D. Hux.

On January 14, 1965, attorneys for defendants wrote Merrick advising him that defendants considered the

option "to have expired for your failure to pay the balance due under said option when due." The letter states that not only a written notice of intent to exercise the option, but also payment was to have been received on or before January 1, 1965.

On January 19, 1965, Mr. Bonan wrote defendant, Denis Raben, as follows:

> "A draft in the amount of $70,000.00 has been delivered to me. It is to be presented with Deed and Title Policy. I am writing to Mr. Hux about this. In the meantime, will you advise (1) the bank you do business with and, (2) whether you have a deed prepared and if so send a copy to me of Mr. Hux for approval."

On January 29th, 1965, Mr. Bonan again wrote Denis Raben, as follows:

> "You are advised that I have in my possession an executed note for $25,000.00 and second mortgage to secure the note. As soon as we can remove the objections of the Chicago Title we will be ready to close the deal. Upon such event it will be necessary for you and Mrs. Raben to deliver a Warranty Deed to me covering the 760 acres. I am in a process of clearing the title and I believe that I have gotten the principal objection under way so that I can probably get it worked out within a short time.
>
> "Will you advise as to the preparation of the deed. If you are going to have the deed prepared, will you be kind enough to submit me a copy for inspection and submission to Mr. Hux for his approval before we close."

Plaintiff, John D. Hux, testified that he is the owner of the option, that although defendants could not convey the whole of the mineral rights, he was willing to ac-

220

cept conveyance of the land, that he had sufficient funds on deposit to cover the draft.

No evidence was offered by defendants. The trial court found for plaintiffs, decreed specific performance and directed the performance of the following acts:

That defendants forthwith:

(a) Deliver a good and sufficient statutory Warranty Deed executed in favor of the plaintiffs within thirty (30) days from August 15, 1965.

(b) Give receipts to the Clerk of this Court for the sums of money ordered to be paid by this Court and for Second Deed of Trust ordered to be deposited.

That plaintiffs, forthwith:

(a) Deposit with the clerk of the circuit court the sum of $70,000 together with interest at 5% per annum from February 20, 1965, the date of the filing of the complaint.

(b) Deliver to the clerk of the circuit court a Second Deed of Trust, executed in favor of defendants in the amount of $25,000 payable in 10 equal payments of principal, plus interest at 6% per annum, payable on August 15, 1966 and annually thereafter.

The decree further provides:

Said second deed of trust is a Second Mortgage and shall be filed and placed of record by the Clerk of this Court after the filing for record of the first mortgage of plaintiffs executed in favor of the Kansas City Life Insurance Company.

The record shows that on the date on which the decree was filed, the Clerk of the Circuit Court of Hamilton County issued to plaintiffs a receipt for the following items:

(1) a check in the amount of $71,720 payable to defendants.

(2) a promissory note executed by plaintiffs, to the order of defendants.

(3) a second mortgage, also described as a second deed of trust.

As described in the receipt, the note and mortgage appear to conform to the provision of the decree, but neither the note nor mortgage were offered in evidence.

The parties have briefed and argued a number of issues, but the sole question presented in the record before us is whether plaintiffs pleaded and proved a contract sufficiently definite and certain in its terms to be specifically enforced.

■■■ In Cefalu v. Breznik, 15 Ill2d 168, at page 170, 154 NE2d 237, the Supreme Court said: "To entitle a party to specific performance the contract must be so certain and unambiguous in its terms and in all its parts that a court can require the specific thing contracted for to be done. (Morey v. Hoffman, 12 Ill2d 125.) The manner or method of payment is an essential part of an agreement for the purchase of real estate, and the contract must specify not only the price but the terms and conditions of the sale. (Morey v. Hoffman, 12 Ill2d 125; Zakrzewski v. Fisher, 278 Ill 557.) Where there is ambiguity, doubt, or uncertainty with respect to its terms, equitable enforcement by specific performance will be denied."

The provision in the option for a deed of trust does not state by whom the deed of trust is to be executed, the amount of the first mortgage to which it is to be junior, nor by whom the first mortgage is held. It does not fix the date of the deed of trust, and the provision for equal payments does not state whether these are to be made monthly or annually.

[4] In Cefalu v. Breznik (supra) the Supreme Court said: "Thus we have repeatedly held that where the

contract contemplates the giving of a mortgage for part of the purchase price but is uncertain with reference to the due dates or other terms thereof, the purchaser will not be entitled to specific performance."

■ In our opinion the agreement does not meet the requirement that it be certain and unambiguous. Where no restriction is imposed as to the amount of a first mortgage, the identity of the makers of a junior lien and the collectibility of a deficiency judgment might become matters of prime importance. In view of the failure to provide with specificity who was to make the mortgage, the date of its execution, and the precise manner of payment, the contract is not sufficiently definite and certain in its terms to entitle plaintiffs to specific performance. Olson v. Forsberg, 332 Ill 266, 163 NE 697.

■ The effect of the decree was to make a contract for the parties, supplying dates and times for payment not set out in the option. There is no evidence to support a finding that a first mortgage was to be executed in favor of Kansas City Life Insurance Company or any other mortgagee, nor as above stated, is there any evidence as to the amount of the first lien. As said by the Supreme Court in Rampke v. Beuhler, 203 Ill 384, at page 387, 67 NE 796, "In specific performance of a contract the province of the court is to enforce the contract which the parties have made, and not to make a contract for them and then enforce it."

For the reasons herein set forth, the decree of the Circuit Court of Hamilton County is reversed and the cause remanded with directions to dismiss the complaint for want of equity.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.