(No. 40257.— )

JOHN D. HUX *et al.,* Appellants, *vs.* DENIS RABEN *et al.,* Appellees.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

FRANK BONAN, of McLeansboro, (ROBERT S. HILL, of counsel,) for appellants.

BOSWELL & BOSWELL, of Harrisburg, (ARCHIE BOB HENDERSON, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In this action for specific performance of an option contract for the sale of 440 acres of land, the circuit court of Hamilton County entered a decree directing the defendants, Denis Raben and Louella Raben, his wife, to execute a deed conveying the property in question to the plaintiffs, John D. Hux and Olga M. Hux, his wife, who are remote assignees of the option contract. The defendants appealed, and the Appellate Court for the Fifth District reversed. (74 Ill. App. 2d 214.) We granted leave to appeal.

The decree of specific performance modified the pro-

visions of the option contract. The appellate court reversed that decree upon the ground that the contract itself was not sufficiently definite and certain to support a decree of specific performance, particularly with reference to the terms of a second mortgage to be delivered to the vendor.

In this court the purchasers contend that the appellate court was without jurisdiction to decide the case on that ground, because it had not been raised by the parties. The contention is broadly stated: "A court of appeal lacks power and jurisdiction to raise defenses of its own motion and to decide them of its own motion." No authority is cited in support of this proposition. Our examination of the briefs in the appellate court satisfies us that the adequacy of the contract to support a decree of specific performance was challenged in that court. The purchasers do not now argue that the contract was sufficiently definite. The judgment of the appellate court must therefore be affirmed.

A further word is appropriate, however, in view of the sweeping character of the attack on the judgment of the appellate court. The last sentence of Rule 341(e)(7) of the rules of this court (36 Ill.2d 138), "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing", states an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court. The distinction clearly appears when that sentence is read in conjunction with Rule 366, which deals with the powers of a reviewing court and the scope of review. Rule 366 provides: "(a) *Powers*. In all appeals the reviewing court may, in its discretion, and on such terms as it deems just * * * (5) give any judgment and make any order that ought to have been given or made, * * *." (36 Ill.2d 159.) A similar thought is expressed in the provision of Rule 615 with respect to the review of criminal cases: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 36 Ill.2d 182.

These provisions recognize that the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system. (See, Friendly, Review of Llewellyn, The Common Law Tradition, 109 U. of Pa. L. Review 1040; Vestal, Sua Sponte Consideration in Appellate Review, 27 Fordham L. R. 477; 64 Harv. L. R. 652.) There are limitations. "[A]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented at the trial." (*Rentways, Inc.* v. *O'Neill Milk and Cream Co.*, (1955) 308 N.Y. 342, 126 N.E.2d 271.) In exercising the power care should be taken that the litigants are not deprived of an opportunity to present argument. In the case before us the issue was one of law which involved no problem of proof, and the purchasers had an opportunity to file a petition for rehearing in the appellate court, but they did not do so.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*