JOHN SCHUTZENHOFER, Plaintiff-Appellee, *v.* GRANITE CITY STEEL COMPANY, Defendant-Appellant.

Fifth District    No. 80-225

Opinion filed November 9, 1981.

JONES, J., dissenting.

Pope and Driemeyer, of Belleville (James R. Parham and Allan Goodloe, Jr., of counsel), for appellant.

William S. Beatty and Kathryn P. Taylor, both of the Law Offices of William W. Schooley, of Granite City, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

John Schutzenhofer brought this action to recover damages for injuries received during the course of his employment as a switchman under the Federal Safety Appliance Act (45 U.S.C. §1 et seq. (1976)) and the Federal Employers' Liability Act (45 U.S.C. §51 et seq. (1976)). Plaintiff's employer, Granite City Steel Company, defendant, appeals from the judgment entered on the general verdict in plaintiff's favor after a jury trial in the Circuit Court of Madison County.

On appeal, defendant argues that under the facts, which are not in substantial dispute, it is not, as a matter of law, a common carrier by rail engaged in interstate commerce within the meaning of the Safety Appliance Act (45 U.S.C. §1 (1976)) and the Employers' Liability Act (45 U.S.C. §51 (1976)). Plaintiff moved for partial summary judgment in the trial court on the question of defendant's status as a common carrier by rail in interstate commerce after defendant had answered denying that it was a common carrier by rail (Ill. Rev. Stat. 1979, ch. 110, par. 57(1)). Defendant thereafter filed an affirmative defense alleging that the exclusive remedy of plaintiff was the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5) as the alleged injuries of plaintiff were received while he was an employee of defendant who was not a common carrier by rail engaged in interstate commerce at the time of the occurrence in question. The trial court ruled in favor of the plaintiff and found defendant to be a common carrier engaged in interstate commerce and granted summary judgment in favor of plaintiff on that issue, thereby removing it from the trial of the case.

Defendant is engaged in the manufacture of steel at its industrial complex in Granite City. It owns 14 locomotives and 509 railroad cars which travel over approximately 55 miles of track. It employs 251 people to operate and maintain the railroad equipment and tracks. Plaintiff was employed by defendant as a switchman and on September 1, 1975, was the conductor of the train when he was injured. The evidence at trial was that plaintiff's switch engine moved ladle cars of molten pig iron from the blast furnace located on the south side of Illinois Route 203 in Granite City to the basic oxygen furnace on the north side of Illinois Route 203. Plaintiff was in the process of supervising the movement of empty ladle cars out of the basic oxygen furnace when a stirrup on the ladle car on which plaintiff stepped broke causing plaintiff to fall to the ground resulting in an injury to his back.

In addition to the movement of ladle cars on which plaintiff works, which do not travel outside the boundaries of defendant's plant except to

cross Route 203, defendant currently performs switching operations for three other industries and has performed switching services for other industries either now defunct or not presently in need of defendant's services. Two of the other industries, Lipsett Steel Products, Inc., a subsidiary of Luria Bros. Co., Inc., and International Mill Service, Inc. (hereinafter I.M.S.), lease their property from defendant and are located within defendant's plant yard. The third business, Air Products and Chemicals (Air Products), is located immediately adjacent to defendant's property.

The railroad traffic between defendant and the three satellite industries has been governed by a series of agreements among defendant, the satellite industries and two railroads, Terminal Railroad Association and Illinois Terminal Railroad. One set of agreements executed in 1957 provided that defendant was to act as the agent of the railroads in switching cars from an interchange point at McCambridge and Edwardsville Road, referred to as Block F yard, onto the sidings of the three satellite industries. The tracks at the Block F yard are maintained by the railroads on property leased from defendant. For this service defendant was compensated at the rate of $3.75 per loaded car. These agreements were terminated orally on March 1, 1975, the agreements later being reduced to writing. The new agreements provided that defendant was no longer to act as the agent for the railroads and was not to receive any compensation for switching cars.

Defendant and the Terminal Railroad also entered into a lease on August 5, 1965, which provided that defendant would switch cars over tracks on the leased premises owned by the Illinois Terminal Railroad for industries located adjacent to 16th Street between Madison Avenue and State Street in Granite City. Defendant paid an annual rent of $1,081.37 to the Terminal Railroad for use of the leased premises and received $4.50 per loaded car switched onto the above described property. On March 26, 1975, the lease was amended to relieve defendant of the obligation to provide switching services to industries adjacent to 16th Street. The amendment provided that the defendant was to "[u]se said premises and improvements for the purpose of switching traffic of the Lessee [Granite City Steel] * * *." Defendant was not to receive any compensation from the Terminal Railroad under the lease as amended.

Railroad traffic is also regulated by agreements among defendant and Luria Brothers, I.M.S. and Air Products. The substance of each agreement provided that in switching cars from Block F yard onto the industries' sidings defendant was acting as a private carrier and no compensation was to be received for performing switching services. Each agreement also incorporated the St. Louis-East St. Louis Terminal Lines Switch Tariff 1-F (ICC 5187), which provided that the obligation of the

Terminal Railroad and Illinois Terminal Railroad was limited to the delivery and pickup of railroad cars at the Block F yard.

Other than the above agreements, railroad traffic of defendant is not regulated. Granite City Steel does not operate pursuant to a certificate of public convenience and necessity granted by the Interstate Commerce Commission or Illinois Commerce Commission; it is not regulated by any governmental agency, nor does it publish a tariff.

On the basis of the above facts the trial court found as a matter of law defendant to be operating as a common carrier by rail in interstate commerce. After the jury's verdict in favor of the plaintiff, defendant did not move for a new trial but did request that judgment be entered notwithstanding the verdict.

Plaintiff has filed a motion to dismiss this appeal which we have taken with the case. He argues that the defendant has not preserved for review the question it asks this court to decide, that is, whether defendant is entitled to judgment in this court as a matter of law.

In the trial court defendant took the position that the question of its status as a common carrier by rail engaged in interstate commerce was one of fact for the jury's determination, which it would be under disputed facts. (*Avance v. Thompson* (1944), 387 Ill. 77, 55 N.E.2d 57.) It filed no countermotion for summary judgment, but resisted plaintiff's motion on the ground .that there was a bona fide question of fact as to defendant's status.

After partial summary judgment was entered in plaintiff's favor, the question of defendant's status as a common carrier was removed from the trial of the lawsuit. The jury resolved the remaining issues in plaintiff's favor.

After the jury verdict in favor of plaintiff, the defendant did not file a motion for a new trial. It did file a motion for judgment notwithstanding the verdict alleging that the trial court erred in granting partial summary judgment on behalf of plaintiff as there were genuine issues of fact concerning defendant's status as a common carrier engaged in interstate commerce. The motion stated that it had denied the allegation in plaintiff's complaint that it was so engaged in its answer. It further alleged that it was entitled to summary judgment on this question, although, as we have noted, it filed no motion for summary judgment. The motion further alleged as error the denial of its motion for a directed verdict on the question of the status of Granite City Steel as a common carrier engaged in interstate commerce; however, that issue had been removed from the case by the·granting of partial summary judgment in plaintiff's favor.

The motion for judgment notwithstanding the verdict stated that "there were genuine issues as to material facts at the time" partial summary judgment was granted. The motion also stated that defendant, as a

matter of law, was entitled to summary judgment finding that it was not a common carrier by rail. We see the issue before this court to be whether defendant's motion for judgment notwithstanding the verdict can be treated as a motion for summary judgment, or, stated otherwise, whether judgment can be entered in defendant's favor in this court on the basis of denial of defendant's motion for judgment notwithstanding the verdict where the issue raised by defendant was not tried to verdict before the jury.

In its brief, defendant concedes that it has waived any right it might have to a remandment and a new trial on any issue (*Walden v. C. & N.W. Ry. Co.* (1952), 411 Ill. 378, 104 N.E.2d 240), and emphasizes it is not seeking a new trial, but a determination that as a matter of law, on the facts which are not in dispute, it is not subject to liability under the Federal Employers' Liability Act or the Safety Appliance Act inasmuch as it is not a common carrier engaged in interstate commerce.

Defendant argues that it has preserved this question for review by filing a motion to dismiss plaintiff's complaint; by thereafter filing motions for directed verdict stating that plaintiff failed to establish a prima facie case as to the status of defendant as a common carrier in interstate commerce; and finally, by filing a motion for judgment notwithstanding the verdict, all motions raising the question of the status of defendant as a common carrier engaged in interstate commerce.

We would observe that while the record contains references to a motion to dismiss, we have searched the record and have been unable to find any such motion in the record on appeal. Defendant did file an affirmative defense, as we have noted, which in substance was a restatement of its denial of plaintiff's averment that defendant was a common carrier engaged in interstate commerce at the time of the occurrence, and further alleging that plaintiff's only remedy was under the Illinois Workmen's Compensation Act; however, defendant never filed a motion challenging the legal sufficiency of the complaint.

Plaintiff insists that defendant could only preserve this issue for review by moving for summary judgment in opposition to plaintiff's motion for summary judgment. He cites as authority for this proposition *Cooper v. Liberty National Bank* (1947), 332 Ill. App. 459, 75 N.E.2d 769, and *Cobbins v. General Accident Fire & Life Assurance Corporation, Ltd.* (1972), 3 Ill. App. 3d 379, 279 N.E.2d 443, *rev'd on other grounds* (1972), 53 Ill. 2d 285, 290 N.E.2d 873.

In *Cooper*, the defendants resisted plaintiff's motion for summary judgment but did not themselves move for summary judgment. The appellate court agreed that summary judgment was improperly entered in favor of plaintiff and, apparently, that defendants were entitled to judgment on the established facts. The opinion states that "inasmuch as

defendants did not ask for summary judgment, we would not be warranted in entering judgment in their favor here, and are therefore obliged to remand the cause with directions that such further proceedings be had as may be appropriate under the pleadings heretofore filed and the views herein expressed." 332 Ill. App. 459, 467-68, 75 N.E.2d 769, 773.

In *Cobbins,* an insurer was granted summary judgment in an action for declaratory judgment to determine if a policy of insurance afforded coverage to an occurrence wherein plaintiff was injured. The court determined that the trial court had improperly determined that no coverage was afforded under the policy in question and summary judgment was improper. Citing *Cooper* with approval, the court stated, "inasmuch as plaintiff did not move for that relief in the trial court, we cannot, in this court, grant his prayer that judgment be entered here in his favor." 3 Ill. App. 3d 379, 387, 379 N.E.2d 443, 448.

Admittedly, the precise meaning of the quoted language is not clear. It would appear to say that the reviewing court may not afford relief not properly requested. Here, defendant only asks this court to enter judgment in its behalf. It did not request remandment to the trial court for any purpose. Similar language appears in *Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 390 N.E.2d 276, where plaintiff requested the reviewing court to enter summary judgment in her favor in a products liability case when plaintiff had failed to move for summary judgment in the trial court. The court stated that it could not grant such relief, citing *Cobbins* and *Cooper.* The court further noted that triable issues of fact existed and remanded the cause for trial, relief not here requested.

In response to plaintiff's motion to dismiss the appeal, the defendant argues that this court can grant any relief the trial court could have afforded defendant, citing Supreme Court Rules 366(a)(5) and 366(b)(3), which are concerned with powers of reviewing courts (73 Ill. 2d R. 366(a)(5), 366(b)(3)). Supreme Court Rule 366(a)(5) provides that the reviewing court may, in its discretion:

> "* * * give any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, * * * that the case may require."

Supreme Court Rule 366(b)(3) deals with the scope of review in nonjury cases. Defendant argues that the effect of granting partial summary judgment on the question of defendant's status as a common carrier engaged in interstate commerce transforms these proceedings, pro tanto, into a nonjury trial. It argues that when these supreme court rules are read with section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3), which provides that in a nonjury case a party may within 30 days of entry of judgment "file a motion for a rehearing, or a retrial, * * * or for

other relief," defendant's post-trial motion asking the court to reconsider its ruling entering partial summary judgment preserves for review any question it may ask this court to consider and authorizes this court to grant any relief even though not requested in the trial court, including the entry of summary judgment on defendant's behalf or the remandment of the cause to the trial court for that purpose.

■■ Defendant has cited no authority in support of its position, and we do not believe that the cited rules can be read so broadly. Granting of partial summary judgment does not change these proceedings into a nonjury trial, in our opinion.

■■ Nor do we believe that Supreme Court Rule 366(a)(5) can be read to authorize this court to grant relief not requested in the trial court. The rule states that a reviewing court may "give any judgment and make any order that ought to have been given or made." We interpret this to mean that the relief requested in the reviewing court must have been properly requested and preserved for review in the trial court. The Illinois Supreme Court has recently spoken to the necessity of strict compliance with the rules governing the trial and appeal of civil cases in *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337, and in *Creek v. Clark* (1981), 88 Ill. 2d 54, ___ N.E.2d ___, wherein it disapproved of fashioning an inappropriate remedy by the use of Supreme Court Rule 366(a)(5). We would note that the point addressed in the dissent was never raised by defendant in the trial court or on appeal in this court, and the relief granted defendant, a new trial, was never requested in this court.

For the court to approve any other informal procedure would render meaningless the rules governing the trial and appeal of civil cases and the explicit language of section 68.1 of the Civil Practice Act governing the proper purpose and function of a motion for judgment notwithstanding the verdict. See Ill. Ann. Stat., ch. 110, par. 68.1, Joint Committee Comments and Historical and Practice Notes, at 32 *et seq.* (Smith-Hurd 1968).

We now return to the issue before the court. Does defendant's motion for judgment notwithstanding the verdict preserve for review the defendant's claimed error and permit this court to enter judgment in defendant's behalf in this court, the only relief requested.

Section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(2)) provides:

> "* * * Relief after trial may include the entry of judgment if under the evidence in the case it would have been the duty of the court to direct a verdict without submitting the case to the jury * * *."

■■ It has been stated numerous times that the function of the motion for judgment notwithstanding the verdict is the same as the motion for directed verdict. It only permits the court to determine if the proof at trial

is sufficient to present a question for the jury's determination. (*Yates v. Cummings* (1972), 4 Ill. App. 3d 899, 282 N.E.2d 261.) Here the defendant does not question the jury's verdict in favor of plaintiff under the evidence presented to the jury. It questions the sufficiency of the proof to support the granting of partial summary judgment on plaintiff's behalf. It is well settled, however, that motions for judgment notwithstanding the verdict can only be employed to correct the jury's improper determination of factual questions as it serves the same function as a motion for a directed verdict under the rule of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

■■ We find plaintiff's motion to dismiss this appeal well taken; accordingly, this appeal is dismissed and the judgment of the Circuit Court of Madison County is affirmed.

Appeal dismissed; judgment affirmed.

HARRISON, J., concurs.

Mr. JUSTICE JONES, dissenting:

The unusual and unauthorized use of a pretrial summary judgment as to one of the principal issues of the case has resulted in a procedural dilemma that seemingly precludes review of the case on appeal.

In view of the direction taken by the case in the trial court, the result reached by the majority is understandable. Nevertheless, I am persuaded that the improper use of summary judgment in the case has produced the unusual posture in which it comes to us and that the only way to rectify the error is to order a new trial upon all issues. Such a directive by this court is authorized by the applicable rules, and fundamental fairness and justice require it. Accordingly, I respectfully dissent.

Section 57(1) of the Civil Practice Act provides that a plaintiff may move for summary judgment in his favor for all or any part of the *relief* sought. Use of the word "relief" in that section of the statute was a matter of specific choice, not of random selection.

The summary judgment granted by the trial court did not grant any of the relief sought by the plaintiff. The only relief sought by the plaintiff in his one-count complaint was a judgment for damages. Rather, the summary judgment was granted as to but one element or issue comprised in the single cause of action asserted by the plaintiff. By no manner of interpretation could the summary judgment rendered be considered a judgment in the traditional sense, and citation of authority for that proposition should be unnecessary. No relief was granted by the judgment. There was nothing to enforce, and, even if the findings required for

appeal by Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)) had been made, the summary judgment would not be appealable because it did not dispose of one of several claims or of one of several parties.

The summary judgment was granted prior to commencement of the trial upon a consideration of pleadings, depositions, exhibits and affidavits. When the proceeding leading to the summary judgment is fairly considered, it is readily apparent that it was improperly granted since there was a serious dispute as to the facts which should have been resolved by the jury. That, however, is not the focus of my disagreement and will be discussed no further.

Had the trial court followed the applicable Illinois practice, the motion for a pretrial summary judgment upon a constituent issue of the single claim asserted would not have been entertained. Rather, the court would have directed that the case proceed to trial. Either at the close of plaintiff's evidence, or at the close of all the evidence, the court could have entertained plaintiff's motion for a directed verdict or finding that the defendant was a common carrier by rail engaged in interstate commerce. His ruling would be governed by his determination of the quantum of certainty or doubt established by the evidence that had been presented. If warranted by the evidence, the trial court could remove the issue from consideration by the jury by a directed verdict or finding as to that issue and leave the balance of the issues for resolution by the jury. That the trial court may direct a verdict of finding in a proper case upon a certain issue or issues is not questioned in Illinois. See *Smith v. Bishop* (1965), 32 Ill. 2d 380, 205 N.E.2d 461; *Bartolomucci v. Clarke* (1965), 60 Ill. App. 2d 229, 208 N.E.2d 616; *Betzold v. Erickson* (1962), 35 Ill. App. 2d 203, 182 N.E.2d 342.

The procedure followed by the trial court and the plaintiff apparently was that used in the Federal practice. The practice of rendering summary judgment upon an issue involved in a claim was expressly rejected in Illinois. Thus, our summary judgment statute provides that such judgment may be granted for all or part of the *relief* sought, not as to all or some of the *issues* involved. This appears from the Historical and Practice Notes in the Smith-Hurd Statutes (Ill. Ann. Stat., ch. 110, par. 57, Historical and Practice Notes, at 61-62 (Smith-Hurd 1968)), which state in pertinent part:

> "Revised section 57 does not include the provision of Federal Rule 56(d) that even if judgment is not rendered on the whole case the court may determine what facts appear without substantial controversy and enter an order specifying them, which order obviates the necessity of proof on those facts at the trial. A provision to that effect, included in the early drafts of revised section

57, was eliminated in the final draft because a majority of the Joint Committee felt that it tended to invite encroachment upon the right to trial by jury or court on evidence adduced in open court." Fundamental fairness and justice dictate that both the interlocutory summary judgment and the final judgment be set aside and the case remanded for a new trial. Supreme Court Rule 366(a)(5) authorizes this court to "grant any relief * * * that the case may require," and that constitutes sufficient authority for such an order by this court. *Cf. Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.