(No. 56000.—

JOHN SCHUTZENHOFER, Appellee, v. GRANITE CITY STEEL COMPANY, Appellant.

*Opinion filed December 17, 1982.*

GOLDENHERSH and SIMON, JJ., dissenting.

James R. Parham and Robert Broderick, of Pope & Driemeyer, of Belleville, for appellant.

William W. Schooley and William S. Beatty, of Granite City, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, John Schutzenhofer, obtained a $75,000 judgment in a Federal Employers' Liability Act (FELA) action against defendant, Granite City Steel Company, following a jury trial in the circuit court of Madison County for injuries resulting from a work-related accident. Defendant argued upon appeal that a pretrial summary judgment declaring defendant to be a common carrier by rail engaged in interstate commerce constituted error. The appellate court, in a split decision, affirmed on the grounds that defendant had not preserved that issue for review. (101 Ill. App. 3d 683.) We granted defendant's petition for leave to appeal.

Plaintiff, a switchman, was injured in September of 1976 while working on defendant's wholly owned railroad and brought an action for damages under the Federal Safety Appliance Act and the FELA. At the time of

his injury, plaintiff was one of 251 trainmen employed by defendant. As part of its steel-producing operation, defendant maintained about 55 miles of track within its industrial complex and over 500 railway cars; this railway system was used principally to transport both raw material and partially processed iron within the complex. Prior to 1975, defendant also acted as an agent for several commercial railroad companies. In that capacity, defendant performed switching operations at the junction of its tracks and those of the other railroads and delivered, by rail, materials destined for several other industrial concerns which had spur lines connected only to defendant's tracks. In 1975, defendant terminated its agency contracts but continued to provide railway services for three other companies. Two of these concerns were located on property leased from defendant, and the third had its plant immediately adjacent to defendant's complex.

Prior to trial, plaintiff successfully moved for a partial summary judgment that defendant was a common carrier by rail engaged in interstate commerce. Although defendant did not move for a summary judgment in its favor on that issue, it repeatedly denied its interstate status, arguing that the FELA was inapplicable and that plaintiff's sole remedy lay under the Illinois Workmen's Compensation Act. Defendant presented this assertion in its answer, in a pretrial motion to dismiss, in a motion to dismiss following the presentation of plaintiff's evidence at trial, and in a motion for a directed verdict. After the trial judge denied all of these motions, defendant unsuccessfully moved for a reconsideration of the summary judgment and for judgment notwithstanding the verdict.

Although defendant complains only that the result of the summary judgment was incorrect, and not that summary judgment was itself inappropriate, the scope of our review is not confined merely to the issues preserved for

appeal. (See *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198, 201. See also *People ex rel. Peoria Civic Center Authority v. Vonachen* (1975), 62 Ill. 2d 179.) This court has interpreted our own Rule 341(e)(7) (73 Ill. 2d R. 341(e)(7)), which expresses the waiver doctrine, as "an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court." (*Hux v. Raben* (1967), 38 Ill. 2d 223, 224.) Moreover, Rule 366, which has been held analogous to the plain error doctrine in criminal review (38 Ill. 2d 223, 224), provides: "(a) Powers. In all appeals the reviewing court may, in its discretion, and on such terms as it deems just *** (5) give any judgment and make any order *** and further orders and grant any relief *** that the case may require." (73 Ill. 2d R. 366.) While this court has recognized that this power of review is limited by the need to ensure an adequate opportunity for litigants to present argument (38 Ill. 2d 223, 225), the matter which we address involves only a question of law which presents no evidentiary problem.

We find that the trial court's entry of summary judgment on the sole issue of defendant's status as a common carrier by rail in interstate commerce was erroneous under the Illinois statute governing summary judgments. The relevant portion of section 57 of the Civil Practice Act provides:

"Summary judgments.

(1) For plaintiff. Any time after the opposite party has appeared or after the time within which he is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment in his favor for all or any part of the *relief* sought.

(2) For defendant. A defendant may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part of the *relief* sought against him." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 57.)

This court has consistently held that examining the statutory language provides the best means of ascertaining the

legislature's intent and that this language must be given its plain and ordinary meaning. (*Town of the City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195; *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189; *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342.) The language of section 57 clearly lacks any provision for summary judgments which would serve only to resolve issues of fact without granting or denying part or all of the relief sought.

Our conclusion that it is improper to issue summary judgments which fail to grant or deny relief is consistent with both the joint committee comment and the historical and practice notes to section 57; this court has often found that commentary helpful when ascertaining the legislative intent. (See, *e.g., In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 198-203; *People v. Holt* (1981), 91 Ill. 2d 480, 488-90; *People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 150; *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426; *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 529; *People v. Fritz* (1981), 84 Ill. 2d 72, 77; *People v. Manning* (1979), 76 Ill. 2d 235, 240; *People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 93; *People ex rel. Suddeth v. Rednour* (1965), 33 Ill. 2d 278, 283.) The joint committee comment states that "unlike subparagraph (d) of Federal Rule 56, revised section 57 does *not* provide for the finding by the court of uncontroverted facts in the event that a judgment under this section is not rendered upon the whole case or for all of the relief asked." (Emphasis added.) (Ill. Ann. Stat., ch. 110, par. 57, Joint Committee Comments, at 60 (Smith-Hurd 1968).) According to the historical and practice notes, a provision in an early draft of the 1955 revision of section 57 permitting trial judges to enter judgment on uncontroverted facts without decreeing relief was eliminated because the joint committee believed that such a rule would "invite encroachment upon the right to trial by jury or court on evidence adduced in

open court." Ill. Ann. Stat., ch. 110, par. 57, Historical and Practice Notes, at 62 (Smith-Hurd 1968).

The only relief sought by the plaintiff in this cause was money damages, and the partial summary judgment which plaintiff requested did not involve a determination of liability for a part or all of that relief; rather, the summary judgment related only to the issue of whether the defendant was a common carrier by rail engaged in interstate commerce. Consequently, granting the motion for summary judgment constituted error.

Defendant has urged both in the appellate court and here that it is entitled to judgment as a matter of law because it was not engaged in interstate commerce, a prerequisite to an FELA action. Our examination of the evidence on this issue persuades us that it presents a question for the jury. In light of the fact that the summary judgment removed a potentially critical factual issue from the consideration of the jury, a new trial is necessary.

Accordingly, we reverse the judgments of the appellate and circuit courts and remand the cause for a new trial.

*Reversed and remanded.*

JUSTICE GOLDENHERSH, dissenting:

I dissent and would affirm the judgments of the appellate and circuit courts. Defendant, in its post-trial motion, sought only the entry of judgment notwithstanding the verdict. In the appellate court it conceded that it had waived any right to remandment and a new trial. In this court defendant asked only "that the judgment of the appellate court may be reversed and defendant's appeal considered on its merits." Despite these protestations that defendant sought no new trial, the majority reverses and remands for a new trial.

As authority for considering the merits and reversing for a new trial, the majority cites *Hux v. Raben* (1967), 38 Ill. 2d 223, and *Inolex Corp. v. Rosewell* (1978), 72 Ill. 2d 198. In *Hux* the appellate court reversed a decree for spe-

cific performance (74 Ill. App. 2d 214), and it was contended in the supreme court that the appellate court had reversed on grounds not raised by the parties. The supreme court stated: "Our examination of the briefs in the appellate court satisfies us that the adequacy of the contract to support a decree of specific performance was challenged in that court." (38 Ill. 2d 223, 224.) In *Inolex*, involving the validity of a tax assessment, the court considered that it was essential that it consider the effect of an alleged failure to give the notice required by the statute. How these opinions can be distorted to support a grant of relief clearly waived in the circuit court and not requested on appeal either in the appellate court or in this court is not readily apparent.

In *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, the court discussed at great length the need for specificity in designating errors in a post-trial motion and refused to consider allegedly erroneous instructions. It is difficult to reconcile a decision refusing to grant relief for want of specificity in the post-trial motion with the decision here which forces upon defendant relief which it has repeatedly asserted it does not want.

The appellate court was correct in dismissing the appeal. The effect of the majority opinion is to completely emasculate the established rules which limit the scope of the issues which may properly be considered on appeal and the nature of the relief which may appropriately be granted.

JUSTICE SIMON joins in this dissent.