*In re* MARRIAGE OF MICHAEL D. PLYMALE, Petitioner-Appellant, and KARIN M. PLYMALE, Respondent-Appellee.

Second District   No. 2—87—1055

Opinion filed July 13, 1988.—Supplemental opinion filed on denial of rehearing August 18, 1988.

Thomas W. Hunter, of Palatine, for appellant.

Mary Robinson, of Robinson & Skelnik, of Elgin, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, Michael D. Plymale, appeals from the October 8, 1987, order of the circuit court of McHenry County granting respondent Karin M. Plymale's motion to vacate, in part, a previous judgment, entered on April 27, 1984, which invalidated the parties' marriage *ab initio*, awarded custody of the two minor children to petitioner, and awarded the marital residence to petitioner. The circuit court determined that, the retroactive judgment of invalidity having been previously entered, the court, in that original proceeding, lacked the subject matter jurisdiction to award custody of the children or to distribute property.

The issue raised on appeal is whether the trial court properly interpreted section 304 of the Illinois Marriage and Dissolution of Marriage

Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 304) in finding that it had lacked the subject matter jurisdiction to award custody or distribute property when it declared the marriage invalid *ab initio*.

On March 14, 1984, petitioner filed a petition to declare the March 20, 1981, marriage of the parties invalid alleging that respondent was still married to another person at the time of the marriage and was not divorced until May 28, 1981. Additionally, petitioner sought division of the property of the parties and custody of the two children who were born during the marriage. Respondent was personally served in the State of Kentucky and did not appear in the proceedings below. At the April 26, 1984, hearing on the petition, petitioner testified that he did not discover that respondent had not been divorced prior to their marriage until respondent informed him just prior to the petition being filed. Petitioner further testified, in relevant part, that he sought the marital residence because he and his parents made the down payment and all the subsequent payments for the home, and that he sought custody of the children subject to reasonable visitation rights. No mention was made at the hearing of whether the invalidity of the marriage would be retroactive.

On April 27, 1984, a written judgment of invalidity of the marriage was entered by Judge William F. Homer which provided that the marriage was declared void *ab initio*, that custody of the children be awarded to petitioner, that each party be awarded the personal property which was in his or her own name, that petitioner be awarded the marital residence, and that neither party is entitled to maintenance.

On September 18, 1987, respondent filed a motion to vacate the custody and property provisions of the judgment of invalidity of the marriage contending that, as the judgment was specifically made void *ab initio*, the court had no subject matter jurisdiction to adjudicate custody and property rights under section 304 of the Act. Other petitions for temporary custody and for a rule to show cause were filed by the parties. On October 8, 1987, Judge Conrad F. Floeter entered an order vacating the custody and property provisions of the April 27, 1984, judgment of invalidity of the marriage. In his oral comments on his ruling, Judge Floeter indicated that, in describing the marriage as "void *ab initio*" in the April 27, 1984, judgment, the circuit court, Judge Homer, thereafter was deprived of subject matter jurisdiction pursuant to section 304 of the Act to adjudicate property and custody matters. Petitioner appeals from the order partially vacating the previous judgment.

On appeal, petitioner contends that the circuit court, once it acquired subject matter jurisdiction, did not lose jurisdiction by an erro-

neous application of the law to the facts. Petitioner also presents further arguments which would construe the language in section 304 as directory, rather than mandatory or, alternatively, if mandatory, as not depriving the circuit court of jurisdiction. Respondent essentially argues that because the circuit court recited in the judgment that the marriage was "void *ab initio*," there is no subject matter jurisdiction to further adjudicate property and custody rights under section 304.

Section 304 of the Act provides:

> "Sec. 304. Retroactivity. Unless the court finds, after a consideration of all relevant circumstances, including the effect of a retroactive judgment on third parties, that the interests of justice would be served by making the judgment not retroactive, it shall declare the marriage invalid as of the date of the marriage. The provisions of this Act relating to property rights of the spouses, maintenance, support and custody of children on dissolution of marriage are applicable to nonretroactive judgments of invalidity of marriage only." Ill. Rev. Stat. 1987, ch. 40, par. 304.

Section 304, which derives from section 208(e) of the Uniform Marriage and Divorce Act (see 9A U.L.A. 170-71 (1987)), now allows the circuit court to make the judgment of invalidity of the marriage nonretroactive so that the provisions of the Act relating to property rights of spouses, maintenance, and support and custody of children may be applied. (See Ill. Ann. Stat., ch. 40, par. 304, Historical and Practice Notes, at 94-95 (Smith-Hurd 1980).) While, in the instant case, the circuit court's judgment of invalidity of the marriage recited that "the marriage is declared void *ab initio*," the court further made provisions for custody of the children, disposition of the property of the parties, and entitlement to maintenance. We also note that the petition to declare the marriage invalid requested the adjudication of property and custody rights, but did not mention seeking retroactive invalidity of the marriage. At the hearing on the petition, petitioner also testified that he sought custody and division of the property. Again, no mention was made of a retroactive application of the invalidity of the marriage. The record shows that the written judgment of invalidity of the marriage was prepared by petitioner's counsel and signed by Judge Homer. There appears to be no reason why the language was included in the judgment that "the marriage is declared void *ab initio*." The petition, testimony, and all the other findings and awards of the court in the judgment clearly indicate that petitioner and the circuit court intended that the judgment of invalidity of the marriage not be retroactive.

■■■ As a general rule, judgments are to be construed like other written instruments, the determinative factor being the intention of the court as gathered from all parts of the judgment itself. (46 Am. Jur. 2d *Judgments* §73 (1969).) In construing a judgment, it may be presumed that the court intended a valid, not a void, judgment; hence, where it is reasonably possible, such construction should be adopted as will give force and effect to the judgment. (46 Am. Jur. 2d *Judgments* §74 (1969).) A judgment which may be ambiguous may be read in conjunction with the entire record (46 Am. Jur. 2d *Judgments* §76 (1969)), and it will be construed in accordance with that record. (See *Listeman, Bandy & Hamilton Association v. Wilson* (1983), 94 Ill. 2d 60, 64-65, 445 N.E.2d 323.) We conclude that the intent of the April 27, 1984, judgment was to make the judgment nonretroactive, notwithstanding the one reference to the contrary in the judgment, and to adjudicate the child custody and property issues between the parties. Accordingly, the court properly exercised its jurisdiction over these matters pursuant to section 304.

It is well established that a judgment entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular judgment involved, is void and may be attacked at any time. (*R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309, 489 N.E.2d 1360.) However, as there was no issue raised as to personal jurisdiction over respondent in the proceeding to declare the marriage invalid and, as we have concluded that the court intended to exercise subject matter jurisdiction under section 304 to adjudicate the child custody and property rights of the parties, the subsequent action by respondent to vacate the April 27, 1984, judgment must necessarily fail on any other possible basis as it was brought more than two years after entry of the original judgment. Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(c); *People v. Bushnell* (1984), 101 Ill. 2d 261, 264, 461 N.E.2d 980.

For the foregoing reasons, the judgment of the circuit court of McHenry County is reversed.

Reversed.

DUNN and INGLIS, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE REINHARD delivered the opinion of the court:
■■ In her petition for rehearing, respondent contends that the ba-

sis for our reversal of the circuit court was not argued on appeal, nor was it advanced below by petitioner when asked about such theory by the trial court. For these reasons, respondent contends that petitioner has waived this specific ground for reversal.

While the general rule is that, other than for jurisdictional reasons, a reviewing court should not normally search the record for unargued and unbriefed reasons to reverse a trial court judgment (*Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 386, 385 N.E.2d 664), the waiver doctrine as expressed in Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)) is an admonition to the parties and is not a limitation upon the jurisdiction of the reviewing court. (*Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 211, 443 N.E.2d 563; *Hux v. Raben* (1967), 38 Ill. 2d 223, 224-25, 230 N.E.2d 831.) A reviewing court need not ignore grave errors of law which the parties on appeal either overlook or decline to address. (See *People v. Reddick* (1988), 123 Ill. 2d 184, 199.) In exercising this power, care should be taken that the litigants are not deprived of an opportunity to present argument. (*Schutzenhofer*, 93 Ill. 2d at 211, 443 N.E.2d at 564.) Here, the issue was one of law, not involving proof, which interpreted a prior judgment. No argument is made in the petition for rehearing by respondent challenging the legal theory upon which this case is decided.

DUNN and INGLIS, JJ., concur.