# Illinois Official Reports

## Appellate Court

---

### *People v. Gabriel*, 2014 IL App (2d) 130507

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL S. GABRIEL, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0507 |
| Filed | December 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court reversed defendant's conviction for violating an order of protection ordering him to stay at least 1,000 feet away from the underlying petitioner's residence and her school and any other place based on an incident in which he drove his car into a parking lot at petitioner's school and then left in less than a minute, since the Illinois Domestic Violence Act does not authorize an order of protection prohibiting one from being present within 1,000 feet of a petitioner's school regardless of whether petitioner is present at the time, as the trial court construed the order entered in defendant's case, and under the circumstances, the State failed to prove defendant's guilt beyond a reasonable doubt, especially when there was no evidence petitioner was at the school at the time and there was no evidence defendant intended to be present while petitioner was there. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-DV-1607; the Hon. Karen M. Wilson, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Michael J. Pelletier, Thomas A. Lilien, and Paul J. Glaser, all of State
Appellate Defender's Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman and
James P. French, Assistant State's Attorneys, of counsel), for the
People.

Panel

JUSTICE BURKE delivered the judgment of the court, with opinion.
Justices Zenoff and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1    After a bench trial, defendant, Michael S. Gabriel, was found guilty of violating an order of protection (720 ILCS 5/12-3.4(a) (West 2010)) and received one year of supervision. On appeal, he argues that he was not proved guilty beyond a reasonable doubt. We reverse.

¶ 2    Paragraph 2 of the order of protection, entered on November 1, 2012, on behalf of Rilee Nichols ("petitioner" in the order), states:

"(R03) **Police Enforced Stay Away**

a. *** [Defendant] is ordered to stay at least 1000 ft away from the residence of Petitioner *** and their *** school, *** and any other specified place.

**'Stay Away' means for the [defendant] to refrain from both physical presence and non-physical contact with the petitioner whether direct [or] indirect ***.**

b. [Defendant] is prohibited from entering or remaining while Petitioner and/or protected person(s) is/are present at:

* * *

Their school, located at COLLEGE OF DU PAGE[,] 425 FAWELL BLVD., GLEN ELLYN, IL 60137." (Emphases in original.)

¶ 3    The complaint alleged that he "did knowily [*sic*] enter the property of the College of Du Page, Glen Ellyn, Du Page, Illinois; which is a violation of Remedy R03 *** of an Order of Protection that was served against him on 11/01/12."

¶ 4    At trial, Jeffrey Priest, a police officer with the College of Du Page (COD), testified as follows. On November 12, 2012, while on duty on Tall Grass Road in the area of Prairie and Lambert Drives, he saw a Pontiac Grand Am stop in a COD parking lot. After perhaps 30 seconds, the car exited and drove south on Tall Grass, then turned onto Lambert. Priest stopped it for a registration violation. Defendant was the driver and sole occupant. Priest obtained defendant's driver's license, returned to his squad car, and learned of the order of protection. He arrested defendant for violating the order. Priest never saw Nichols that morning.

¶ 5    Defendant moved for a directed finding. He contended that the order required him only to "stay away" from Nichols and that the State had adduced no evidence that she had ever been on COD property while he was there. The State responded that paragraph 2 of the order had two

separate parts; although paragraph (b) prohibited defendant from entering or remaining on COD property while Nichols was there, paragraph (a) banned him from coming within 1,000 feet of COD, without qualification. Defendant replied that the two paragraphs conflicted as to when he was barred from the vicinity of COD and that, under the principle of strict construction, paragraph 2(b), the more specific, limited paragraph 2(a).

¶ 6    The trial court denied defendant's motion. Defendant put on no evidence, and the court found him guilty. Defendant moved to reconsider the finding. The court denied the motion, reasoning that paragraph 2(a) was unambiguous and that defendant had violated it. The court imposed a disposition of 12 months' supervision. Defendant timely appealed.

¶ 7    On appeal, defendant contends that he was not proved guilty of violating the order of protection. He argues that, when read as a whole, the order required him only to "stay away" from Nichols and that there was insufficient evidence that (1) Nichols was in the restricted zone when he was there; or (2) he intended to violate the order. For the following reasons, we reverse.

¶ 8    A person commits violation of an order of protection if he knowingly commits an act that a court has prohibited. 720 ILCS 5/12-3.4(a)(1) (West 2010). In considering a challenge to the sufficiency of the evidence, we ask only whether, after viewing all of the evidence in the light most favorable to the State, any rational fact finder could have found the elements of the offense proved beyond a reasonable doubt. *People v. Ward*, 154 Ill. 2d 272, 326 (1992).

¶ 9    We hold that the evidence was insufficient to prove defendant guilty of violating the order of protection. Our holding is based on our construction of the order in the light of the authorizing statute. Although the evidence was sufficient to convict defendant under the order as the trial court interpreted it, that interpretation was incorrect. Defendant's interpretation is correct, although not precisely for the reasons he has given. Under the proper reading of the order, a reasonable doubt of defendant's guilt remains.

¶ 10   The trial court entered the order of protection per section 214(b)(3) of the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/214(b)(3) (West 2012)). In pertinent part, section 214(b)(3) reads as follows:

"(b) *** The remedies to be included in an order of protection shall be determined in accordance with this Section ***. The remedies listed in this subsection shall be in addition to other civil or criminal remedies available to petitioner.

* * *

(3) Stay away order and additional prohibitions. Order respondent to stay away from petitioner ***, or prohibit [the] respondent from entering or remaining present at petitioner's school, place of employment, or other specified places at times when petitioner is present, or both, if reasonable, given the balance of hardships." 750 ILCS 60/214(b)(3) (West 2012).

¶ 11   In finding defendant guilty, the trial court reasoned that paragraph 2(a) unambiguously prohibited him from coming within 1,000 feet of COD, Nichols's "school," whether or not she was present. Defendant, however, contends that paragraph 2(a) must be read not in isolation, but in the context of the remainder of the order. He notes that paragraph 2 is headed "Stay Away," which, according to the order, "means for the [defendant] to refrain from both physical presence and non-physical contact *with the petitioner*." (Emphasis added.) He adds that to

construe paragraph 2(a) broadly would render paragraph 2(b) superfluous, which could not have been intended.

¶ 12     The resolution of this appeal thus depends on the construction of the order of protection. In general, a court's object in construing a judgment is to effectuate the trial court's intention. *People v. Lee*, 344 Ill. App. 3d 851, 855 (2003). Because we presume that the trial court intended to enter a valid judgment, we construe the order to uphold its validity, if reasonably possible. See *id.*; *In re Marriage of Plymale*, 172 Ill. App. 3d 455, 459 (1988).

¶ 13     The order of protection here is confusing at best. Read in isolation, paragraph 2(a) flatly bars defendant from being physically present within 1,000 feet of COD (or, at the least, within 1,000 feet of 425 Fawell Boulevard), regardless of whether Nichols is present and even when she is not and defendant knows that she is not. However, as defendant notes, paragraph 2 bears the heading "Stay Away" and defines that term with reference to Nichols specifically, and not merely to certain places. The order can diplomatically be described as ambiguous.

¶ 14     Defendant, of course, urges strict construction against the State. We recognize some conflict on whether orders of protection are to be construed liberally or strictly. In *People v. Davit*, 366 Ill. App. 3d 522, 527 (2006), a majority of this court endorsed strict construction. The *Davit* majority reasoned that the criminal statute incorporates the order of protection (*id.*; see 720 ILCS 5/12-30 (West 2002)) and that, as statutory language, the order must be interpreted according to "the strict-statutory-construction principles that govern the interpretation of all legislative enactments." *Davit*, 366 Ill. App. 3d at 527.[1] The dissenting justice did not endorse this holding, reasoning that a court order is not a statute. *Id.* at 531-32 (Callum, J., dissenting). We need not revisit this controversy, because, under either strict or liberal construction, the order here cannot be interpreted as the trial court did.

¶ 15     The trial court held that, under the order of protection, defendant must remain 1,000 feet away from COD at all times, no matter the likelihood of encountering Nichols, the person whom the order protects. Thus, as long as the order is in effect, defendant may not approach within 1,000 feet of COD property at 2 a.m. on a Sunday, or when he has been reliably informed that Nichols is vacationing out of state. However, we note that the order was designed to protect Nichols, not COD. To construe paragraph 2(a) as did the trial court ignores the underlying purpose of the Act. The broad construction of paragraph 2(a) is not merely dubious; it is legally invalid.

¶ 16     Here, the issuing court derived its authority from section 214(b)(3) of the Act, which authorized it to "[(1)] [o]rder respondent to stay away from petitioner ***, or [(2)] prohibit respondent from entering or remaining present at petitioner's school, place of employment, or other specified places *at times when petitioner is present*, or [(3)] both." (Emphasis added.) 750 ILCS 60/214(b)(3) (West 2012).

¶ 17     The foregoing language is unambiguous. As pertinent here, under section 214(b)(3), a court may order a person (1) to stay away from the petitioner; (2) to stay away from her school at times when she is present; or (3) both of the foregoing. What the court may *not* do is order

---

[1]The *Davit* majority did not cite any authority for its sweeping statement that "strict-statutory-construction principles *** govern the interpretation of *all* legislative enactments." (Emphasis added.) *Davit*, 366 Ill. App. 3d at 527. Ironically, section 102 of the Act, which authorized the order in that case, stated, "This Act shall be liberally construed and applied to promote its underlying purposes ***." 750 ILCS 60/102 (West 2002).

the person to stay away from the petitioner's school at any time, whether or not she is present. Had the legislature intended to grant a court such authority, it would not have added the qualifying language "at times when petitioner is present." *Id.*

¶ 18 A comparison of section 214(b)(3) of the Act with section 214(b)(2) further demonstrates the legislature's intent to limit the reach of section 214(b)(3). Section 214(b)(2) authorizes a court to "[p]rohibit respondent from entering or remaining in any residence, household, or premises of the petitioner, including one owned or leased by respondent, if petitioner has a right to occupancy thereof." 750 ILCS 60/214(b)(2) (West 2012). Conspicuously absent is any restriction of the prohibition to times when the petitioner is present. The difference is not surprising: a petitioner's residence is private, while her school is open to many other people, if not the general public, regardless of her wishes. For example, entering Nichols's home is quite different from setting foot (or car) on the campus of COD. The legislature has plainly distinguished between a residence and a school, for obvious and good reasons.

¶ 19 Because the Act did not authorize a court to prohibit defendant from being present within 1,000 feet of Nichols's school, regardless of whether she was present at the time, we cannot construe the order of protection here as the trial court did: that would render paragraph 2(a) invalid. See *Lee*, 344 Ill. App. 3d at 855. Instead, we construe paragraph 2(a) to require defendant to stay away from an area within 1,000 feet of COD at times when Nichols is present.

¶ 20 We recognize that, in his appellate brief, defendant does not specifically argue that the broad construction of the order of protection is invalid as beyond the statutory authority of the trial court that issued it. Nonetheless, we do not hesitate to reverse on this ground.

¶ 21 First, we note that, although defendant does not specifically raise the statutory issue, he does base his appeal on the construction of the order; in deciding this matter, we must address the issuing court's statutory authority, given the principle that we must construe an order so as to uphold its validity if we may reasonably do so. Further, we note, the issue is one of pure law, based on undisputed facts, and the State will suffer no prejudice as a result. (At oral argument, we allowed the State to respond to our concern that the broad construction of the order would render it invalid, so the State has not been without the opportunity to address this matter.)

¶ 22 In light of the foregoing, we conclude that the State did not prove defendant guilty beyond a reasonable doubt. The State produced *no* evidence that Nichols was present in the restricted zone during defendant's brief presence there. Also, the State produced no evidence that he intended to be present within the restricted zone while Nichols was there. See *People v. Reher*, 361 Ill. App. 3d 697, 701 (2005) (conviction of violating order of protection requires proof of criminal intent). Therefore, the finding of guilt cannot stand.

¶ 23 We must note a further concern. The language in the order of protection that has caused disagreement and confusion in this case is part of a standard form order that is in use statewide. To avoid further confusion on the part of courts, law enforcement officials, and especially the members of the public who may in the future obtain or be subjected to orders under the Act, we advise that the form order be amended as needed.

¶ 24 The judgment of the circuit court of Du Page County is reversed.

¶ 25 Reversed.