# Illinois Official Reports

## Appellate Court

---

### *People v. Mortensen*, 2019 IL App (2d) 170020

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v ZACHARY C. MORTENSEN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-17-0020 |
| Filed | June 25, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 15-DV-1548; the Hon. Jeffrey S. MacKay, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Darren E. Miller, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Jaime A. Evans, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices Schostok and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1 Following a bench trial in the circuit court of Du Page County, defendant, Zachary C. Mortensen, was found guilty of violation of an order of protection (720 ILCS 5/12-3.4(a)(1)(i) (West 2014)) and was placed on court supervision for one year. Defendant argues that the State failed to prove his guilt beyond a reasonable doubt. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3 On November 23, 2015, defendant's estranged wife, Lisa Marie Mortensen, obtained an emergency order of protection against him pursuant to section 214 of the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/214(b) (West 2014)). The order of protection was prepared on a preprinted form. It provided, in pertinent part:

"[X] 2. (R03) (Police Enforced) Stay Away

[X] a. Residence

[X] Respondent is ordered to stay at least 1000 feet away from the residence of the petitioner and/or protected person(s) located at [Lisa's address]; or

[ ] Respondent is prohibited from remaining at or entering while petitioner and/or protected person(s) are present at their residence currently located at [left blank]

'Stay Away' means for the respondent to refrain from both physical presence and non-physical contact whether direct, indirect (including, but not limited to telephone calls, mail, email, faxes, and written notes), or through third parties who may or may not know about the Order of Protection.

[X] b. Respondent is prohibited from entering or remaining while petitioner and/or protected person(s) are present at:

[X] Their place of employment at [address]

[X] Their school, located at [address]"[1]

The order of protection was served on defendant on November 23, 2015.

¶ 4 On November 28, 2015, defendant was charged by complaint with violating the order of protection. The complaint alleged that defendant "did intentionally commit an act which was prohibited by the Order of Protection in that [he] violated said order (R03) and entered onto a protected property *** and delivered flowers and cupcakes to the doorstep for the petitioner."

¶ 5 At trial, Lisa testified that, on November 27, 2015, she was at work until about 6 p.m. When she returned home, she saw defendant's car parked in front of a neighbor's house. She could not see who was in the car. She entered her house through the back door. The next morning, she saw flowers and cannoli at her front doorstep. She did not know who left them there or when they had been left, and she did not know if they were there when she got home from work the previous evening. Lisa reported the incident to police.

¶ 6 Du Page County Sheriff's Deputy Ronald Smith testified that he spoke with defendant on November 28, 2015. Defendant told him that he put pastries and flowers on Lisa's front porch

_____
[1]"[X]" represents a checked box on the form. "[ ]" represents an unchecked box. For purposes of this opinion, we will refer to this portion of the order of protection as either "OP Remedy 3" or "R03."

the night before. Smith then arrested defendant. While in custody, defendant told Smith that he had delivered the pastries and flowers to Lisa that morning. Smith acknowledged that the written police report that he prepared did not mention defendant's statement that it was on November 27, 2015, that he left the items on Lisa's doorstep.

¶ 7                                    II. ANALYSIS

¶ 8     Defendant contends that the State failed to prove his guilt beyond a reasonable doubt. A reviewing court will not set aside a criminal conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). On a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Defendant does not challenge the sufficiency of the evidence that he delivered the flowers and cannoli to Lisa's doorstep. He argues, however, that the State was obligated to prove that Lisa was present at her residence when he delivered those items. Defendant contends that the State failed to do so. We agree that the State did not prove that Lisa was present when defendant came to the doorstep of her house. However, we conclude that no such proof was necessary to sustain defendant's conviction.

¶ 9     Section 12-3.4(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/12-3.4(a)(1)(i) (West 2014)) provides that a person commits the offense of violation of an order of protection if he or she knowingly violates "a remedy in a valid order of protection authorized under paragraphs (1), (2), (3), (14), or (14.5) of subsection (b) of Section 214 of the [Act]." Section 214(b) of the Act (750 ILCS 60/214(b) (West 2014)) provides, in pertinent part:

> "(b) Remedies and standards. The remedies to be included in an order of protection shall be determined in accordance with this Section and one of the following Sections, as appropriate: Section 217 on emergency orders, Section 218 on interim orders, and Section 219 on plenary orders. The remedies listed in this subsection shall be in addition to other civil or criminal remedies available to petitioner.
>
> ***
>
> (2) Grant of exclusive possession of residence. Prohibit respondent from entering or remaining in any residence, household, or premises of the petitioner, including one owned or leased by respondent, if petitioner has a right to occupancy thereof. ***
>
> * * *
>
> (3) Stay away order and additional prohibitions. Order respondent to stay away from petitioner or any other person protected by the order of protection, or prohibit respondent from entering or remaining present at petitioner's school, place of employment, or other specified places at times when petitioner is present, or both, if reasonable, given the balance of hardships."[2]

---

[2]For purposes of this opinion, we will refer to subsections (b)(2) and (b)(3) as "Statutory Remedy 2" and "Statutory Remedy 3" respectively.

¶ 10    Defendant argues that OP Remedy 3 must be construed to prohibit him from coming within 1000 feet of Lisa's residence *only* at times when Lisa is present. Defendant relies on *People v. Gabriel*, 2014 IL App (2d) 130507, to support this proposition. Defendant maintains that, under *Gabriel*, OP Remedy 3 is valid only insofar as authorized by Statutory Remedy 3. According to defendant, because OP Remedy 3 is broader than Statutory Remedy 3 (which applies only when the petitioner is present), OP Remedy 3 is invalid to the extent that it exceeds the scope of Statutory Remedy 3.

¶ 11    In *Gabriel*, the trial court issued an order of protection providing:

" '(R03) Police Enforced Stay Away

a. *** [Defendant] is ordered to stay at least 1000 ft away from the residence of Petitioner *** and their *** school, *** and any other specified place.

'Stay Away' means for the [defendant] to refrain from both physical presence and non-physical contact with the petitioner whether direct [or] indirect ***.

b. [Defendant] is prohibited from entering or remaining while Petitioner and/or protected person(s) is/are present at:

* * *

Their school, located at COLLEGE OF DUPAGE[,] 425 FAWELL BLVD., GLEN ELLYN, IL 60137.' " *Id.* ¶ 2.

¶ 12    The defendant in *Gabriel* was found guilty of violating the order of protection, based on evidence that he had been in the College of Du Page parking lot. There was no evidence, however, that the petitioner, Rilee Nichols, was present at the College of Du Page at the time. The defendant argued that the order of protection barred him from College of Du Page property only when Nichols was present. We agreed. We observed that the order of protection was ambiguous because the portion requiring the defendant to stay away from Nichols' school was not limited to times when Nichols was present, but " 'Stay Away' " was defined "with reference to Nichols specifically, and not merely to certain places." *Id.* ¶ 13. In resolving the ambiguity, we noted that "a court's object in construing a judgment is to effectuate the trial court's intention." *Id.* ¶ 12. We determined the trial court's intention with reference to the statute conferring the trial court with authority to act: section 214. We noted that the authority conferred by Statutory Remedy 3 to bar the defendant from the College of Du Page was expressly limited to times when Nichols was present. We contrasted that remedy with Statutory Remedy 2, which authorizes a court to "[p]rohibit respondent from entering or remaining in any residence, household, or premises of the petitioner, including one owned or leased by respondent, if petitioner has a right to occupancy thereof." 750 ILCS 60/214(b)(2) (West 2012).

¶ 13    Contrary to defendant's argument, *Gabriel* does not support the proposition that statutory authority for OP Remedy 3 may be found *only* in Statutory Remedy 3. As seen, under section 12-3.4(a)(1) of the Code, it is a criminal offense to violate "a remedy in a valid order of protection authorized under paragraphs (1), (2), (3), (14), or (14.5) of subsection (b) of Section 214 of the Illinois Domestic Violence Act of 1986." 720 ILCS 5/12-3.4(a)(1)(i) (West 2014). Defendant violated OP Remedy 3 by "enter[ing] onto a protected property *** and deliver[ing] flowers and cupcakes to the doorstep for the petitioner." Whether defendant committed an offense depends on whether any of the paragraphs enumerated in section 12-3.4(a)(1) of the Code authorized the trial court to prohibit that conduct. It is clear that paragraph 2 (*i.e.*,

Statutory Remedy 2) authorized the trial court to prohibit defendant from entering Lisa's premises,[3] regardless of whether she was present. In contrast, Statutory Remedy 2 clearly did *not* authorize the trial court in *Gabriel* to prohibit the defendant from entering the College of Du Page, which was not the petitioner's "residence, household, or premises." 750 ILCS 60/214(b)(2) (West 2014). Only Statutory Remedy 3 did, but only when Nichols was present.

¶ 14     Furthermore, unlike in *Gabriel*, the definition of "stay away" is not problematic here. As defined in the order of protection, "stay away" prohibited "non-physical contact with the petitioner, whether direct [or] indirect (including but not limited to, telephone calls, mail, email, faxes, and written notes)." The delivery of flowers and cannoli was of the same character as the types of contact described in the definition of "stay away." In contrast, the defendant in *Gabriel* had no such contact with Nichols.

¶ 15     We note that, because OP Remedy 3 is authorized partly by Statutory Remedy 2, the preprinted order does not fully comply with section 221(a)(1) of the Act, which provides that "[r]emedies set forth in pre-printed form orders shall be numbered consistently with and corresponding to the numerical sequence of remedies listed in Section 214." 750 ILCS 60/221(a)(1) (West 2014). However, that provision is directory rather than mandatory. "[S]tatutes are mandatory if the intent of the legislature dictates a particular consequence for failure to comply with the provision. [Citation.] In the absence of such intent the statute is directory and no particular consequence flows from noncompliance." *People v. Delvillar*, 235 Ill. 2d 507, 514-15 (2009). Section 102 of the Act (750 ILCS 60/102 (West 2014)) provides, in pertinent part:

> "This Act shall be liberally construed and applied to promote its underlying purposes, which are to:
>
> * * *
>
> (4) Support the efforts of victims of domestic violence to avoid further abuse by promptly entering and diligently enforcing court orders which prohibit abuse and, when necessary, reduce the abuser's access to the victim and address any related issues of child custody and economic support, so that victims are not trapped in abusive situations by fear of retaliation, loss of a child, financial dependence, or loss of accessible housing or services[.]"

In light of this provision, we conclude that the General Assembly did not intend that noncompliance with section 221(a)(1) would render an order of protection invalid.

¶ 16     Defendant contends that he was "charged with violating Statutory Remedy 3, not Statutory Remedy 2." Relying, in part, on *Davit*, defendant argues that "[i]t would be improper to uphold a guilty verdict based on proof of an uncharged offense." Defendant argues, "It is true that OP Remedy 2 barred [defendant] from 'entering or remaining at the residence/household.' But [defendant] was not accused of violating that provision; he was accused of violating the OP Remedy 3 provision." The argument is meritless. Defendant was charged with violating not Statutory Remedy 3 but OP Remedy 3. OP Remedy 3 forbade defendant from coming within 1000 feet of Lisa's residence. In violation of that remedy, defendant came to Lisa's doorstep. In this regard, defendant's reliance on *Davit* is misplaced. In *Davit*, the order of protection that the defendant was charged with violating prohibited him from entering or remaining in " 'the

___

[3]The word " 'premises' " is defined as " 'a house or building, along with its grounds.' " *People v. Davit*, 366 Ill. App. 3d 522, 527 (2006) (quoting Black's Law Dictionary 1219 (8th ed. 2004)).

household of premises located at: 1923 Hillside Lane, Lisle.' " *Davit*, 366 Ill. App. 3d at 526. We found this language ambiguous, and we resolved the ambiguity in the defendant's favor. The State argued that the defendant's conviction could be affirmed on the basis that he violated the order of protection's "stay away" provision. We rejected the argument, reasoning, in part, that "defendant was not charged with a violation of the 'stay away' provision of the order of protection, and the jury was not instructed on this theory." *Id.* at 530. Here, in contrast, defendant violated precisely the same provision of the order of protection that he was accused of violating: OP Remedy 3.

¶ 17                                       III. CONCLUSION

¶ 18      For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 19      Affirmed.